WIECHNIK v. POLISH ROMAN CATHOLIC ASSN.

1. Appeal and Error—Insurance—Failure to Furnish Proofs of Loss—Defenses—Court Rules—Pleading—Questions Reviewable.

In action on a policy of life insurance in which insurer claimed that no proper proofs of loss had been filed as required by the policy, such claim is not considered by Supreme Court where not set forth in answer to plaintiff's declaration as required by court rule (Court Rule No. 23, § 4 [1933]).

2. Fraternal Benefit Societies—Constitution—Claim for Insurance.

Provision of constitution of fraternal benefit society requiring that if claim for insurance be not made within two years the

benefits shall be applied to the death benefit fund *held*, inoperative to transfer benefit where consulate, representing foreign beneficiary, sent letter to insurer stating power of attorney would be secured and requesting that proceeds be paid to consul after such power of attorney were obtained.

3. SAME—CLAIM FOR INSURANCE—WAIVER OF PROVISION AS TO TIME. Fraternal benefit society which continued negotiations with consulate for foreign beneficiary and later with beneficiary's attorney relative to payment of insurance until a short time before action was commenced without denying liability because claim was not timely presented *held*, to have waived constitutional requirement that claim for insurance be presented within two years.

Appeal from Wayne; Martin (William H.), J., presiding. Submitted April 6, 1939. (Docket No. 31, Calendar No. 40,434.) Decided June 22, 1939.

Action by Mary Wiechnik against Polish Roman Catholic Association, a Michigan corporation, for sums due on a life insurance policy. Judgment for plaintiff. Defendant appeals. Affirmed.

*Nicholas S. Gronkowski* and *Con S. Gryczka*, for plaintiff.

*Riseman, Lemke & Piotrowski*, for defendant.

CHANDLER, J. The defendant fraternal beneficial society issued its certificate of life insurance on the life of one Macieja Dutka, in which Mary Wiechnik was named as the beneficiary. In a suit to recover the amount of the policy, plaintiff, a resident of Poland, had judgment and defendant has appealed.

The testimony discloses that the insured died in the city of Kalamazoo, Michigan, on January 16, 1932, knowledge thereof being first received by defendant sometime in July, 1932.

Apparently nothing was done subsequent to the insured's death relative to obtaining the proceeds of the policy until May 23, 1933, on which date the consul for the Republic of Poland, located at Pittsburgh, Pennsylvania, directed a letter to defendant, stating that he had been informed of insured's death on January 16, 1932, and requesting information as to the amount of the policy and the identity of the beneficiary. Reply thereto was made by defendant's letter of June 10, 1933, wherein it was stated that Mary Dutka Wiechnik of the Republic of Poland was the beneficiary and that efforts to locate her had been unavailing. On June 16, 1933, the consul advised defendant as to the address of plaintiff, and stated that he would obtain a power of attorney from her which would be necessary to dispose of the matter. This letter continued:

"Before that we request that you give us the amount of the insurance left after the death of Macieja Dutka and if the organization is in position to pay the money to the Polish consulate after the consulate receives the formal power of attorney from the beneficiary."

April 16, 1934, the Polish vice-consul directed another letter to defendant in which he stated that the consulate had been instructed by the beneficiary, Mary Dutka Wiechnik, to continue negotiations with reference to the insurance, and again requested information as to the amount of the policy and whether the proceeds thereof had been paid to the beneficiary. On May 31, 1934, a letter from defendant to the consul instructed that communications in regard to the matter should be directed to its attorney, Mr. Stanley Grzankowski.

Defendant's answer set up the special defense that claim for proceeds of the certificate had not been

made within the time limited by the constitution of the association, article 20, § 13 thereof providing:

"In the event that no one legally entitled to the death benefit will claim it within two years, the same shall be applied to the death benefit fund."

In addition to this defense, defendant also contends that no liability exists for the reason that there has been no compliance with the provisions of the constitution which prescribe the method in which proof of loss shall be made. Court Rule No. 23, § 4 (1933), in part provides:

"In a suit upon a policy of insurance, if the defendant shall rely, * * * upon the failure to furnish any proof of loss, as required by the policy, the facts showing the nature of the defense relied upon shall be alleged."

Inasmuch as the answer failed to comply with the provisions of the rule, this defense will not be considered.

With reference to the allegations that claim for the benefits was not made within the time allowed, it appears that sometime in July, 1932, Father Dziatkiewicz told defendant's secretary of the death of the insured, and stated that he had a certain amount coming as officiating pastor. It also appears that in 1934 or 1935 a committee from the subordinate lodge of which deceased was a member requested that the funeral expenses be paid by defendant. They were told that the proceeds of the policy would be paid to the beneficiary. And subsequent to the letter of May 31, 1934, and during the years 1934, 1935 and 1936, plaintiff's attorney had numerous conversations with defendant's general secretary and with Mr. Grzanskowski, its attorney. He testified that Mr. Grzanskowski on each occasion stated that the matter would be taken care of, and that at no time

was anything said to the effect that defendant denied liability on the ground that claim had not been made in proper time.

On May 9, 1936, defendant's attorney was furnished with a power of attorney from plaintiff, authorizing the consul to adjust the claim for her. Plaintiff's attorney also testified that subsequent to this date, he had a conversation with Mr. Grzanskowski in which the latter told him,

"That the organization is in financial straits and they are getting things ironed out and that eventually the matter would be adjusted and I should have more patience."

It is unnecessary further to detail the facts other than to state that negotiations of the nature herein outlined continued until at least subsequent to September 17, 1936, more than four years after the insured's death, and at no time did defendant assert that claim had not been made in proper time.

The provision of the constitution hereinbefore quoted states that if claim shall not be made within two years, the benefits shall be applied to the death benefit fund. Although some doubt may arise as to whether the language of this section provides for a forfeiture in the event claim is not made within the stated period, the question is unimportant as applied to the facts of this case. Assuming that provision for a forfeiture has been thereby made, in our opinion a claim sufficient to comply with the requirements was made as early as June 16, 1933, within the two-year period, by the letter of the Polish consul wherein he stated that a power of attorney would be secured from plaintiff, and requested that after this had been obtained, the proceeds of the policy be paid to him, if defendant was then in a position to make payment.

The constitution sets up no formal requirements as to the manner in which claim shall be made, and although the letter referred to might have been more precisely prepared, it clearly requests payment of the policy when the power of attorney had been received. The provision of the constitution had been satisfied.

In any event, a review of the record shows defendant continuing negotiations, first with the Polish consul and later with plaintiff's attorney, over a period extending from the insured's death until a short time before the commencement of this suit in the early part of 1937. Defendant's conduct would justify a finding that the provision of the constitution in question had been waived.

No other questions of importance being raised, the judgment is affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.